Evelyn BENTON and Edwin R. Benton, Appellants,

v.

Dale PARKS, Administrator of the Estate of Dillard Parks, deceased, Appellee.

Court of Appeals of Kentucky.

Oct. 19, 1956.

Rehearing Denied Feb. 15, 1957.

McCann, Sledd & McCann, Robert J. Turley, Lexington, for appellants.

J. Douglas Graham, Campton, for appellee.

CLAY, Commissioner.

This is a second appeal in a suit for damages for the death of Dillard Parks, a four year old child struck on a highway

by an automobile driven by defendant Evelyn Benton. A judgment for plaintiff was reversed in Benton v. Parks' Adm'r, Ky., 272 S.W.2d 466, on the ground that defendants were entitled to a directed verdict because the negligence of the driver of the automobile was not proven. On a new trial additional proof of a different character was introduced, and the jury returned a verdict for $7,500.

The facts are detailed in the former opinion, but we will briefly restate them. In the daytime, Evelyn Benton was driving an automobile south on highway No. 15 at a speed of 35 to 40 miles an hour. The highway is relatively straight for several hundred yards north of the point of the accident. On the west side of the highway, which is on the right as Miss Benton approached, there is a steep bank down to bottom land some 25 feet below the level of the highway. At the top of the bank extending approximately 500 feet there is a row of guard posts which were shown to be 6½ inches in diameter and 29 inches high. These guard posts are 3 to 3½ feet from the edge of the paved surface of the highway. The deceased child was struck about 2 feet from the edge of the pavement.

At the first trial there was no evidence as to how or when the child reached the point where he was struck. The driver of the automobile and the three passengers in the car all testified that they did not see the child until the instant of collision. In our opinion on the first appeal, Benton v. Parks' Adm'r, Ky., 272 S.W.2d 466, 468, we made the following observations:

"The evidence suggests the possibility that the child was standing, walking or running along the shoulder of the highway, or was coming up the path, in a position where he could and should have been seen as the car approached. However, equally plausible possibilities are that he was standing, kneeling or squatting behind one of the guard posts, or had crawled up the

bank south of the path, so as not to be visible until the moment he darted out in the road. The jury could only engage in conjecture as to where the child was when the car approached, and there is no basis in ordinary human experience for concluding that it was much more probable that he was in a position where he could have been seen than that he was in a position where he could not have been seen."

On the second trial the plaintiff introduced two additional items of evidence. They were: (1) testimony that a small child could be seen coming up the bank and could not have concealed himself behind the guard posts, and (2) testimony that the child was seen standing by a guard post and starting to walk slowly across the highway.

Several witnesses testified to the effect that a child coming up the path from the bottom to the highway could be seen for quite a distance by a person driving down the road. These witnesses likewise testified that a child could not have concealed himself behind one of the guard posts. There were no other obstructions. The competency and the probative value of some of this evidence might be brought in question, but the matter was not pressed before the trial court and is not urged as a ground for reversal. We may say that this additional evidence alone was probably not sufficient to alter the speculative character of the plaintiff's proof which originally justified a directed verdict.

However, we now come to the positive testimony of a new witness who claims to have seen the child just prior to the accident. A 10 year old boy who was playing baseball in the bottom with the family group, and who was present at the first trial but was not called as a witness, was produced at the second trial. He testified that the deceased child walked up the path from the bottom, put his left arm around one of the guard posts, and stood there for two minutes. Apparently in this position he was behind the post from the

direction the automobile approached. The witness further testified:

"Q. How far could you see the car coming up the road? A. About two hundred feet.

"Q. How did you know the distance? A. I know.

"Q. When you first saw the car, where was Dillard? A. Standing with his arms around the post.

"Q. And the car was two hunderd (200) feet away? A. Yes and then he started walking slow across the road.

"Q. How could you tell that, from the bottom? A. He started walking slow across the road and the car hit him.

"Q. While he was going from the post he was standing there with his arms around, this car traveled two hundred feet, while he traveled about three feet out into the road. Is that right? A. Yes."

 The credibility of this witness is vigorously assailed, and in view of all of the circumstances shown, we are inclined to doubt the accuracy of the testimony. However, with this character of evidence, the question of credibility is for the jury. Cross v. Clark, 308 Ky. 18, 213 S.W.2d 443. Here we have direct positive testimony that the deceased child moved from behind the guard post to cross the road at a time when the automobile was some distance away. It is clear from other evidence in the case that if the child was on the roadway side of the post, there was nothing to interfere with his being observed by a motorist.

In the former opinion we pointed out that the position of the child prior to the time of the accident was unknown, as was likewise the manner in which he moved onto the roadway. The testimony of this witness, if believed, extinguishes the speculative aspect of the proof which constituted the basis of our former ruling.

It is not within the province of the Court to pass upon the credibility of this type of witness. If the boy was telling the truth, there was substantial evidence of probative value from which the jury could reasonably conclude that the driver of the automobile should have seen this child, if keeping a proper lookout, in time to have avoided the accident. Such being the case, the trial court properly overruled the motion for a directed verdict.

Defendants complain of the instructions, but we believe they fairly presented the controlling issue in the case.

Since the judgment must be affirmed, it is unnecessary to discuss defendants' contention with respect to their procedural right to a judgment notwithstanding the verdict.

The judgment is affirmed.